UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OMAR (AKA NAFTALI) TRIPLETT,

                 Petitioner,

        -against-

P. REANDON,

                 Respondent.

1:20-CV-1064 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

    Petitioner, currently incarcerated in the Marcy Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 challenging what appear to be two judgments of conviction of the New York Supreme Court, New York County – one issued on March 14, 2001, and another issued August 8, 2001. By order dated March 6, 2020, the Court granted Petitioner's request to proceed *in forma pauperis*. For the reasons discussed below, the Court directs Petitioner to file a declaration within sixty days of the date of this order in which he shows cause why the Court should not deny his petition as time-barred.

## BACKGROUND

    On March 14, 2001, Petitioner was convicted, after a jury trial, of two counts of Robbery in the First Degree and one count of Attempted Robbery in the First Degree. Justice Carol Berkman sentenced Petitioner to two consecutive 25-year prison terms on the robbery counts, and a consecutive 15-year prison term on the attempted-robbery count. Petitioner appealed. But on May 15, 2003, the New York Supreme Court, Appellate Division, First Department, affirmed the judgment of conviction. *People v. Triplett*, 305 A.D.2d 230 (1st Dep't 2003). Petitioner sought leave to appeal in the New York Court of Appeals, but then applied to withdraw his leave petition. On July 11, 2003, the New York Court of Appeals granted Petitioner's application to withdraw the leave petition. *People v. Triplett*, 100 N.Y.2d 588 (2003).

On August 8, 2001, Petitioner was again convicted, after a jury trial, of two additional counts of Robbery in the First Degree. Justice Bonnie Wittner sentenced Petitioner to two additional 25-year prison terms, to be served consecutively to one another and to the sentence imposed by Justice Berkman. Petitioner appealed. But following a stipulation filed by the parties on or about June 19, 2003 (ECF 1, at 17), the Appellate Division deemed Petitioner's appeal withdrawn on July 24, 2003. *People v. Triplett*, 307 A.D.2d 781 (1st Dep't 2003).

Petitioner alleges that after he withdrew those appeals, he filed postconviction motions in the trial court under N.Y. Crim. Proc. Law § 440.10 and § 440.20, and sought leave to appeal the denials of those motions. (ECF 1, at 3-11.) He alleges that he filed the earliest of his § 440 motions in April or May 2009. (*Id.* at 3.)

## DISCUSSION

**A.     Rule 2(e)**

Under Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts, "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." Courts within this Circuit have interpreted that rule as preventing a petitioner from challenging more than one state-court judgment in a § 2254 petition. *See Beardsley v. Crowell*, Nos. 16-CV-0259, 16-CV-0260, 2016 WL 4734678, *1 n.1 (W.D.N.Y. Sept. 8, 2016); *Harris v. Suffolk Cnty.*, No. 13-CV-4243, 2013 WL 5202802, at *2 (E.D.N.Y. Sept. 13, 2013).

Because Petitioner is attempting to challenge two state-court judgments in his § 2254 petition, the Court would normally give him an opportunity to conform his petition to Rule 2(e) by allowing him to abandon his challenge to one of those judgments and, if he wishes, assert it in a separate petition. But because both challenges appear to be time-barred, the Court will address both of them here.

**B.     Statute of limitations**

A prisoner seeking *habeas corpus* relief under § 2254 must generally file a petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court of the United States, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner's March 14, 2001 judgment of conviction became final, at the latest, on or about October 9, 2003 – 90 days after the New York Court of Appeals granted Petitioner's application to withdraw his leave petition. *See Letlow v. Sabourin*, No. 01-CV-0103, 2003 WL 21919430, at *2 (E.D.N.Y. Apr. 14, 2003) (under § 2244(d)(1)(A), the petitioner's judgment of conviction became final when his direct appeal was withdrawn from the Appellate Division, but the court added 30 days to that date to allow for the period in which the petitioner could have sought leave to appeal the Appellate Division's withdrawal order in the New York Court of Appeals); *see also* S. Ct. R. 13(1) (90-day period to seek *certiorari* from the Supreme Court of the United States). Thus, under § 2244(d)(1)(A), Petitioner had, at the latest, until about October 9, 2004 to file a timely § 2254 petition to challenge his March 14, 2001 judgment of conviction.

Petitioner's August 8, 2001 judgment of conviction became final, at the latest, on or about August 23, 2003 – 30 days after the date that the Appellate Division deemed Petitioner's appeal withdrawn. *See Letlow*, 2003 WL 21919430, at *2; *see also* N.Y. Crim. Proc. Law § 460.10(5)(a) (30-day period to seek leave to appeal in the New York Court of Appeals). Thus, Petitioner had, at the latest, until about August 23, 2004 to file a timely § 2254 petition to challenge his August 8, 2001 judgment of conviction.

Petitioner alleges that he did not place his § 2254 petition into his prison's mail system for its delivery to this Court until January 30, 2020 (ECF 1, at 15), more than 15 years after the applicable limitation periods to seek § 2254 *habeas corpus* relief had expired.

Under 28 U.S.C. § 2244(d)(2), when postconviction motions are filed before the expiration of the limitation period, those motions and related state-court proceedings may toll that period. Postconviction motions filed after the limitation period has expired, however, do not start that period anew. "[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Thus, § 2244(d)(2) tolling applies only if a petitioner's postconviction motion was pending within the one-year limitation period.

Petitioner alleges that he did not file his earliest § 440 motions until April or May 2009, years after the applicable limitation periods to seek § 2254 *habeas corpus* relief had expired. Thus, the pendency of the § 440 motions did not toll the limitation periods under § 2244(d)(2).

C. **Leave to show cause**

The Court directs Petitioner to file a declaration within sixty days of the date of this order in which he shows cause why the Court should not deny his § 2254 petition – in which he challenges two state-court judgments of conviction – as time-barred.[1] Petitioner should also allege any facts showing that he has been pursuing his rights diligently and that some

---

[1] Petitioner should include in the declaration a listing of (1) the dates that all postconviction applications in state court challenging his convictions were filed, including any petitions for a writ of error *coram nobis*, all motions under N.Y. Crim. Proc. Law § 440, and any other postconviction applications, (2) when any postconviction applications were decided, (3) the dates that any appeals or applications for leave to appeal from those decisions were filed, (4) when those appeals or applications were decided, and (5) when Petitioner received notice of any state-court decisions on those applications and appeals. *See* § 2244(d)(2).

extraordinary circumstance prevented him from timely submitting this petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that the one-year limitation period to bring a § 2254 *habeas corpus* petition is subject to equitable tolling in appropriate circumstances).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. Petitioner is directed to file a declaration within sixty days of the date of this order in which he shows cause why the Court should not deny his petition – in which he challenges both his March 14, 2001 and his August 8, 2001 New York County convictions – as time-barred. A declaration form is attached to this order. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the Court will deny the petition as time-barred. No answer shall be required at this time.[2]

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: March 23, 2020
New York, New York

COLLEEN McMAHON
Chief United States District Judge

---

[2] The Court will not rule on Petitioner's application for the Court to appoint counsel (ECF 2) until after Petitioner files a declaration in compliance with this order.