UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OMAR TRIPLETT,

                    Petitioner,

-v-

P. REARDON,

                    Respondent.

CIVIL ACTION NO.: 20 Civ. 1064 (RA) (SLC)

**ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

The Court is in receipt of Petitioner Omar Triplett's letter at ECF No. 64, in which he: (i) objects to the Court's August 24, 2022 Order deferring judgment on his motions for "a completely new trial, reconstruction hearing, outside investigation, reversal, time served[,] or bail" relating to Respondent's inability to locate the transcripts from Mr. Triplett's jury trials (ECF No. 55 at 2), and for leave to serve deposition subpoenas on the two New York State Supreme Court justices who presided over Mr. Triplett's jury trials, his court-appointed trial counsel, and his appellate attorney (the "Objection"); (ii) seeks to depose Priscilla Steward, the Assistant Attorney General appearing on behalf of Respondent in this matter (the "Request"); and (iii) "renew[s] [his] request for an attorney (of [his] choice)" (the "Renewal Request"). (ECF No. 64).

The Court construes the Objection as a motion under Fed. R. Civ. P. 60(b) for reconsideration of its August 24, 2022 Order (ECF No. 62). Rule 60(b) affords "'extraordinary judicial relief'" that "can be granted 'only upon a showing of exceptional circumstances.'" Kubicek v. Westchester Cnty., No. 08 Civ. 372 (ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting Nemaizer v. Baker, 793 F.2d 58, 61, (2d Cir. 1986)). The reconsideration standard "is strict," and reconsideration is generally only granted upon a showing of "controlling decisions

or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The "moving party bears the burden of proof." Freedom, N.Y., Inc. v. United States, 438 F. Supp. 2d 457, 462 (S.D.N.Y. 2006). The decision to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" Premium Sports Inc. v. Connell, No. 10 Civ. 3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009)). Mr. Triplett has not pointed to any "controlling decisions or data that the court overlooked," Shrader, 70 F.3d at 257, and has not shown any "exceptional circumstances" that warrant this extraordinary relief. Kubieck, 2014 WL 4898479, at *1. Accordingly, Mr. Triplett's Objection is DENIED.

Mr. Triplett's Request to depose Assistant Attorney General Steward is also DENIED. "It is established that '[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." Hirschfeld v. Comm'r of Div. of Parole, 215 F.R.D. 464, 465 (S.D.N.Y. 2003) (quoting Bracy v. Gramley, 520 U.S. 899, 904 (1997)). "Rather, Rule 6(a) [of the Rules Governing Section 2254 Cases in the United States District Courts] provides: 'A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.'" Halloran v. United States, No. 18 Civ. 1559 (KMK), 2020 WL 589410, at *16 (S.D.N.Y. Feb. 6, 2020) (quoting Rule 6(a) of Rules Governing Section 2254 Cases)). "'Good cause'" is established where 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief.'" Id. (quoting Bracy, 520 U.S. at 908–09). "By contrast,

however, '[g]eneralized statements regarding the possibility of the existence of discoverable material will not be sufficient to establish the requisite 'good cause.'" Id. (quoting Pizzuti v. United States, 809 F. Supp. 2d 164, 176 (S.D.N.Y. 2011)).  Here, Mr. Triplett has not established good cause to warrant Assistant Attorney General Steward's deposition.  While Mr. Triplett does not state the reason he seeks the deposition—which, in itself, warrants denial of the Request—the Court presumes Mr. Triplett seeks her testimony regarding Respondent's inability to locate the transcripts from Mr. Triplett's jury trials.  Assistant Attorney General Steward, however, has already detailed her efforts to locate the transcripts (see ECF Nos. 34-1 at 6 n. 2; 58 at 3), and Mr. Triplett has not articulated how her testimony could support his Petition.  Accordingly, the Request is DENIED.  See Hirschfeld, 215 F.R.D. at 465 ("The Court may, in its discretion, deny discovery where the petitioner provides no specific evidence that the requested discovery would support his habeas corpus petition.").

Finally, Mr. Triplett's Renewal Request is DENIED without prejudice.  As the Court set forth in its March 25, 2021 Order, "[t]he Court may grant pro bono counsel to a person who cannot afford one if his 'position seems likely to be one of substance.'"  (ECF No. 39 at 1 (citing Davila v. Doar, No. 07 Civ. 5767 (SHS) (DF), 2008 WL 4695004, at *2 (S.D.N.Y. Oct. 22, 2008)).  At this time, Mr. Triplett has not demonstrated that his position is "one of substance" that merits pro bono counsel.

The Clerk of Court is respectfully directed to mail a copy of this order to Petitioner.

Dated:      New York, New York             SO ORDERED.
            October 27, 2022

                                           *signature*
                                           SARAH L. CAVE
                                           **United States Magistrate Judge**