UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

OMAR (NAFTALI) TRIPLETT,

        Plaintiff,

    -v-                             No.  20-CV-1064-LTS-SLC

P. REARDON,

        Defendant.

--------------------------------------------------------x

## ORDER ADOPTING REPORT & RECOMMENDATION

        The Court has reviewed Magistrate Judge Cave's Report and Recommendation (docket entry no. 75 (the "Report"))—concerning Omar Triplett's ("Petitioner" or "Mr. Triplett") pro se petitions for a writ of habeas corpus (docket entry nos. 1, 70-1, or the "Petitions")[1] pursuant to 28 U.S.C. section 2254, and his motion for "a completely new trial, reconstruction hearing, outside investigation, reversal, time served[,] or bail" (docket entry no. 55 at 2 (the "Discovery Motion"))—which recommends that the Court deny the Petitions and the Discovery Motion in their entirety.  The relevant facts and procedural history are set forth in the Report. Mr. Triplett has objected to the Report.

        The Court has thoroughly reviewed the Report and Petitioner's objections (docket entry nos. 78, 79 (the "Objections")) and hereby adopts Judge Cave's reasoning and conclusions

---

[1]      On February 7, 2020, Mr. Triplett filed a pro se petition for a writ of habeas corpus under 28 U.S.C. section 2254, challenging his 2001 robbery convictions, for which he was sentenced to a total of 115 years in prison.  (Docket entry no. 1 (the "First Petition")). Among the six claims that Mr. Triplett included in the First Petition were a Fourth Amendment claim and a challenge to the length of his sentence.  (Id. at 5–14).  In a supplemental petition filed on January 11, 2023, Mr. Triplett asserted seven additional claims, including ineffective assistance of trial counsel, newly discovered evidence, and actual innocence.  (Docket entry no. 70-1 (the "Second Petition").)

in the Report.  For the reasons stated in the Report and below, the Court denies the Petitions and

the Discovery Motion in their entirety.

BACKGROUND

The Court adopts the factual recitation set forth in the Report and assumes

familiarity with the facts stated therein.[2]

DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28

U.S.C.A. § 636(b)(1) (Westlaw through P.L. 118-19).  To the extent that a party makes a specific

objection to the magistrate judge's findings, the Court must make a de novo determination.

United States v. Male Juvenile (95-CR-1074), 121 F.3d 34, 38 (2d Cir. 1997).  "Similarly, to the

extent that a party makes only conclusory objections, or simply reiterates a prior argument, the

Court reviews strictly for clear error."  Rios v. Kaplan, No. 17-CV-314-LTS-SDA, 2023 WL

4348353, at *1 (S.D.N.Y. July 5, 2023).  While "[o]bjections of pro se litigants are generally

accorded leniency and construed to raise the strongest arguments that they suggest[,] . . . even a

pro se party's objections to a Report and Recommendation must be specific and clearly aimed at

particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at

the apple' by simply relitigating a prior argument."  James v. Keyser, No. 20-CV-3468-JPC-

SDA, 2023 WL 137618, at *2 (S.D.N.Y. Jan. 9, 2023) (citations omitted).

Timeliness

A prisoner seeking habeas relief must generally file a petition within one year

from, as is relevant here, "the date on which the judgment became final by the conclusion of

---

[2]      Petitioner does not object to the findings of fact contained in the Report.

direct review or the expiration of the time for seeking such review."  See 28 U.S.C.A. §

2244(d)(1)(A) (Westlaw through P.L. 118-19).  A New York State court judgment of conviction

becomes final 90 days after the New York Court of Appeals' ruling on an application for leave to

review if the petitioner does not file a writ of certiorari to the United States Supreme Court, see

McKinney v. Artuz, 326 F.3d 87, 96 (2d Cir. 2003), or, if the application is withdrawn, the date

of the withdrawal, see Letlow v. Sabourin, No. 01-CV-0103-LBS, 2003 WL 21919430, at *2

(E.D.N.Y. Apr. 14, 2003).

　　　　　The Court has carefully reviewed Judge Cave's thorough and well-reasoned

Report as it addresses the timeliness of Mr. Triplett's Petitions.  (See Report at 31-36.)  Mr.

Triplett objects to Judge Cave's recommendation that the Petitions be denied as time barred on

the grounds of "lack of finality in regards to [the] initial case." (Objections at 2.)  As an initial

matter, Mr. Triplett did not explain his assertion of lack of finality and thus lacks specificity.  See

James, 2023 WL 137618, at *2.  Accordingly, Mr. Triplett's objections implicate review for

clear error, and the Court, having reviewed the Report and finding none, fully concurs with

Judge Cave's recommendation that Mr. Triplett's petition be denied as time barred.

　　　　　Even if Mr. Triplett's objection merited de novo review, however, it does not

warrant disturbing the recommendation in Judge Cave's Report.  There is no question that Mr.

Triplett's case is final.  In what Judge Cave describes as the "First Judgment," the trial court

sentenced Mr. Triplett to 65 years' imprisonment upon his jury conviction of two first-degree

robbery counts and one first degree attempted robbery count.  (Report at 12-13.)  The First

Judgment "became final, at the latest, on or about October 9, 2003 – 90 days after the New York

Court of Appeals granted [Mr. Triplett's] application to withdraw [the Application.]"  (Id. at 31

(quoting Triplett v. Reardon, No. 1:20-CV-1064-CM, 2020 WL 8970599, at *2 (S.D.N.Y. Mar.

23, 2020)).)  In what Judge Cave describes as the "Second Judgment," the trial court sentenced

Mr. Triplett to two consecutive determinate 25-year terms of imprisonment, to run consecutively

to the terms of the First Judgment, after a jury convicted him of two counts of first-degree

robbery.  (Report at 15.)  The Second Judgment "became final, at the latest, on or about August

23, 2003 — 30 days after the date that the [First Department] deemed [his] appeal withdrawn."

(Id. at 32 (quoting Triplett, 2020 WL 8970599, at *2).)  Accordingly, Mr. Triplett failed to file

his Petitions within the one-year statute of limitations.[3]

Mr. Triplett's Remaining Objections

       The Court also overrules Mr. Triplett's remaining objections and adopts Judge

Cave's Report in its entirety.  As noted above, because Mr. Triplett's other objections[4] are

conclusory and merely repeat arguments made in his Petitions, the Court reviews the remainder

of the Report for clear error.  Rios, 2023 WL 4348353, at *1.  The Court finds no clear error in

Judge Cave's thorough and well-reasoned Report.

Discovery Motion

       Finally, Mr. Triplett did not object to the Report's denial of the Discovery

Motion.  The Court finds no clear error in Judge Cave's analysis and adopts the denial of the

Discovery Motion.

---

[3]    Mr. Triplett did not object to Judge Cave's conclusion that his Petitions were not entitled to tolling, and the Court finds no clear error.

[4]    Mr. Triplett's remaining objections include: (1) "ineffective assistance of counsel", (2) "Constitutional violation in regards to excessive time", (3) "violation of Due Process in regards to [Sixth Amendment] confrontation clause", (4) "newly discovered evidence", (5) "violation of impartial jury", (6) "major Batson violation", (7) "using illegally confiscated evidence", (8) "the whole AEDPA regulation is a violation", and (9) "not charging mental incapacity to jury."  (Objections at 1-2.)

CONCLUSION

For the reasons stated above, Petitioner's objections to the Report and Recommendation are overruled.  The Court adopts the Report and denies Mr. Triplett's Petitions and Discovery Motion in their entirety.  The Clerk of Court is requested to enter judgment accordingly.  This order resolves docket entry no. 75.

Petitioner may not appeal this order unless "a circuit justice or judge issues a certificate of appealability."  28 U.S.C.A. § 2253(c)(1) (Westlaw through P.L. 118-19).  A certificate will be granted "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.A. § 2253(c)(2) (Westlaw through P.L. 118-19); see generally United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealability).  The Court finds that Petitioner will not be able to sustain this burden.  The Court declines to issue a certificate of appealability.

SO ORDERED.

Dated: New York, New York
       October 27, 2023

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy mailed to:
Omar Triplett
#01-A-2100
Great Meadow C.F.
Box 12821
Comstock, NY 14541