UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

OMAR (NAFTALI) TRIPLETT,

    Plaintiff,

 -v-                                                                       No.  20-CV-1064-LTS-SLC

P. REARDON,

    Defendant.

-------------------------------------------------------x

## ORDER

The Court has received and reviewed Mr. Triplett's pro se motion to extend his time to file an appeal of the Court's order dated October 27, 2023 (docket entry no. 85 (the "Order")).  (See docket entry no. 87 (the "Motion").)  Mr. Triplett also requests "an attorney to help with the appeal" and "clear instructions on how to appeal."  (Id. at 1.)

A motion for extension of time to file a notice of appeal is governed by Federal Rule of Appellate Procedure 4.  Under that rule, a notice of appeal must be filed within 30 days after entry of the judgment or order appealed from, and a district court may only extend the time to file a notice of appeal if "a party so moves no later than 30 days after the time prescribed by this Rule 4(A) expires."  Fed. R. App. P. 4(a).  Mr. Triplett mailed his motion for an extension of time to appeal the October 27, 2023 Order on January 25, 2024, more than 30 days after the time prescribed by Rule 4(A) had expired.  Therefore, Mr. Triplett's requests related to an appeal of the October 27, 2023 Order are denied.  General information regarding appeals of habeas corpus decisions to the Second Circuit is enclosed.

This Order resolves docket entry no. 87.

SO ORDERED.

Dated: New York, New York
February 5, 2024

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy mailed to:
Omar Triplett
#01-A-2100
Great Meadow C.F.
Box 12821
Comstock, NY 14541

# HOW TO FILE HABEAS CORPUS PETITIONS OR APPEALS, SECOND OR SUCCESSIVE PETITIONS, OR CIVIL RIGHTS APPEALS CHALLENGING A PRISONER'S DETENTION IN THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................1

PRO SE INMATE INSTITUTIONAL MAIL RULE ........................................................1

HABEAS CORPUS .............................................................................................................1
A. CERTIFICATE OF APPEALABILITY ..................................................................1
   1. NOTICE OF APPEAL .....................................................................................2
   2. DOCKETING/FILING FEE ............................................................................2
   3. APPEAL FOLLOWING ISSUANCE OF COA .............................................3
B. SECOND OR SUCCESSIVE PETITION FOR A WRIT OF HABEAS CORPUS ................3
C. PETITION FOR A WRIT OF HABEAS CORPUS IN A DEATH PENALTY CASE ............4

APPEALS THAT RAISE CIVIL RIGHTS CLAIMS UNDER 42 U.S.C. §1983 (STATE PRISONERS) AND *BIVENS* (FEDERAL PRISONERS) ...............................................4
A. NOTICE OF APPEAL ..............................................................................................4
B. PRISONER AUTHORIZATION FORM .................................................................4
C. FILING FEE ..............................................................................................................5

FAILURE TO FILE FORMS, BRIEFS, AND OTHER DOCUMENTS .......................5

APPEALS CLERKS IN THE DISTRICT COURTS .......................................................6

SECOND CIRCUIT CLERK'S OFFICE ..........................................................................6

Rev. 09-23 # INTRODUCTION

The Second Circuit has prepared these materials to assist a pro se prisoner in actions or appeals challenging his or her conviction or sentence or conditions of detention in federal or state prison in this Court. The proceedings covered in these instructions include: (1) applications for a certificate of appealability ("COA") in 28 U.S.C. §§ 2254 and 2255 proceedings; (2) applications for permission to file second or successive motions to vacate or petition for a writ of habeas corpus under 28 U.S.C. § 2244; or (3) appeals challenging an adverse district court decision in cases filed pursuant to 42 U.S.C. § 1983 or <u>Bivens v Six</u> <u>Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

Every person who has filed a case in this Court must follow the Federal Rules of Appellate Procedure ("FRAP"), the Court's Local Rules ("LR"), and applicable statutes and case law. FRAP and LR are posted on this Court's website at **www.ca2.uscourts.gov**. A copy of these instructions, as well as relevant forms and sample documents a party must submit, are sent by mail to a pro se prisoner at the beginning of the case. These materials are helpful reference tools for preparing a matter in this Court.

# PRO SE INMATE INSTITUTIONAL MAIL RULE

If a pro se party who is an inmate is confined in an institution that has a system designed for handling legal mail, a notice of appeal and any other paper the inmate may file with the Court and serve by mail on the adversary is timely if it is deposited in the institution's internal mail system on or before the last day for filing. In addition, the paper mailed to the Court and the adversary must either (1) include a notarized statement or declaration stating under penalty of perjury the date of deposit with the internal mail system and that first-class postage is being prepaid, or (2) bear evidence such as a postmark or date stamp showing the date of deposit and prepaid postage. If not provided, the Court in its discretion may permit the inmate to file the statement or declaration later. Form 7, Declaration of Inmate Filing, which suggests a form for the declaration, can be found on the Court's website.

# HABEAS CORPUS

A. **CERTIFICATE OF APPEALABILITY**

A prisoner in custody under a sentence imposed by a federal or state court may appeal the district court's denial of a motion (§ 2255 addresses a federal sentence) or petition (§ 2254 addresses a state sentence) for a writ of habeas corpus **only if** a district court judge, or if the district court declines, a judge of this Court, issues a certificate of appealability ("COA") stating that the prisoner has made a substantial showing of the denial of a constitutional right. <u>See</u> 28 U.S.C. §§ 2253, 2254, 2255.

1

This Court will not act on an appeal from the denial of a § 2255 motion or § 2254 petition until the district court has ruled on a COA. The district court is required to make this ruling when it issues its final decision. See Rule 11 of the Rules Governing § 2254 and 2255 Proceedings; FRAP 22(b).

If the district court judge denies the request for a COA, the prisoner must file in this Court a motion for COA within either 28 days of the date of the district court decision or the date the notice of appeal was filed, whichever is later.

The motion for a COA filed in this Court must include: (1) the Court's Form T-1080 Motion Information Statement, (2) a copy of the district judge's decision denying the COA, and a statement that (a) identifies each issue to be raised on appeal and the relevant facts and (b) makes a substantial showing of the denial of a constitutional right as to each issue. Though no fee is required to file this motion, a fee will be required to proceed with the appeal if the COA is granted. A COA is generally decided without oral argument.

1. **NOTICE OF APPEAL**

A notice of appeal must be filed: (1) in a 28 U.S.C. § 2255 case within 60 days after the entry of the district court's decision denying the § 2255 motion; (2) in a § 2254 case within 30 days following entry of the judgment denying the § 2254 petition. See FRAP 4(a)(1)(A), (B).

Only the district court can extend the time to file a late notice of appeal for excusable neglect or good cause shown. See FRAP 4(a)(5).

If a COA is granted, for purposes of calculating time under FRAP and the LRs, the appeal is deemed commenced as of either the date the COA issues or the date the notice of appeal is filed, whichever is later.

2. **DOCKETING/FILING FEE**

No fee is charged for the filing of a COA motion. If a COA is granted, the appellant must pay the $600 filing fee, plus a $5.00 processing fee, to the Clerk of the district court within 14 days of the later of the filing of the notice of appeal or the date the COA was granted.

An incarcerated appellant who cannot afford to pay the fee must file in the district court a motion for *in forma pauperis* ("IFP") status unless the district court has already permitted appellant to proceed IFP and has not revoked that status. See 28 U.S.C. § 1915; FRAP 24.

If the district court has denied or revoked IFP status, stated that "no appeal would be taken in good faith," or stated that the "appeal is frivolous pursuant to 28 U.S.C. § 1915(d)," the appellant must pay the filing fee or make a motion in this Court for IFP.

The motion for IFP must include (1) the Court's T-1080 Motion Information Statement, (2) a statement explaining the merits of the appeal, and (3) a completed FRAP Form 4 (Affidavit Accompanying Motion for Permission to Appeal in Forma Pauperis). See FRAP 24(a); LR 24.1; LR 27.1 (a)(1), (2).

The motion must be served on all of the other parties in the case, and a proof of service form must be submitted to this Court with the motion. The motion papers must be typed or legibly printed.

Within 14 days of the later of the filing of the notice of appeal or the granting of a COA, if the fee has not been paid, an appellant must (1) move for IFP status in the district court; (2) move for IFP status in this Court if the district court has denied or withdrawn IFP status; or (3) notify this Court that the appellant will make a motion for IFP status within 30 days of the service of notice that the district court has denied a pending request for IFP status. If the appellant does not take any of these actions, this Court may **dismiss** the case, without further notice, for failure to pay the fee.

If the appeal is dismissed, denied, or withdrawn, the filing fee will not be refunded to appellant.

### 3.    APPEAL FOLLOWING THE ISSUANCE OF A COA

If the COA issues, the appeal proceeds as a pro se civil appeal. Upon docketing the Notice of Appeal, the Clerk will mail to appellant those instructions, related forms, and sample documents.

#### A.    SECOND OR SUCCESSIVE PETITIONS FOR A WRIT OF HABEAS CORPUS

A prisoner who either has filed in the district court a (1) § 2255 motion challenging a federal conviction or sentence or (2) § 2254 petition challenging a state conviction or sentence may not subsequently file a § 2255 motion or § 2254 petition again challenging the same conviction or sentence unless certain conditions are met.

Before filing in the district court a second or successive § 2255 motion or § 2254 petition, the prisoner must file a motion in this Court for an order authorizing the district court to consider the second or successive habeas application. The motion must be made on a form this Court has authorized for this purpose. There is one form for challenging a state court conviction or sentence and a separate form for challenging a federal court conviction or sentence. The forms are posted on this Court's website. No fee is charged for filing the motion in this Court.

The motion must be decided within 30 days after it is filed with this Court. See 28 U.S.C. § 2244(b)(3); § 2255(h).

If this Court grants the motion, the prisoner may file the second or successive motion or petition in the district court. If this Court denies the motion, the prisoner is barred from filing in the district. This Court's grant or denial of an authorization to file a second or successive application is not appealable, and it cannot be the subject of a petition for rehearing or motion for reconsideration. See 28 U.S.C. § 2244(b)(3)(E).

B. **PETITION FOR A WRIT OF HABEAS CORPUS IN A DEATH PENALTY CASE**

The rules that govern post-conviction habeas corpus practice in a death penalty case are set forth in LR 47.1, IOP 47.1, and applicable statutes and case law.

# APPEALS THAT RAISE CIVIL RIGHTS CLAIMS UNDER 42 U.S.C. § 1983 (STATE PRISONERS) OR *BIVENS* (FEDERAL PRISONERS)

When a pro se incarcerated person files an appeal from a district court order or judgment in a case that raises a civil rights claim, the appeal proceeds in this Court as a pro se civil appeal. The instructions for a pro se appeal and civil appeal, along with the necessary forms and samples of motions, briefs, and appendices will be mailed to the appellant and can also be found on the Court's website.

A. **NOTICE OF APPEAL**

A notice of appeal must be filed: (1) within 30 days after the entry of the district court's judgment except when the United States or its officer or agency is a party, the appeal must be filed within 60 days. See FRAP 4(a)(1)(A),(B).

B. **PRISONER AUTHORIZATION FORM**

As an incarcerated person, the appellant must file a Prisoner Authorization Form as part of a motion for IFP status. The instructions for filing an IFP motion are set forth in Section A(2) of these instructions. The appellant must complete the Prisoner Authorization Form and send it to the Court, which forwards the form to the prison superintendent of the correctional facility where the prisoner is currently housed. The form directs the prison authorities to send to the Court certified copies of the appellant's prison trust fund account statements, or the equivalent, for the past 6 months. See 28 U.S.C. § 1915(a), (b). By signing the form, the prisoner consents to the monthly deduction of funds from the account until the filing fee and other amounts directed by this Court are paid. The form is posted on this Court's website and is included in the packet of information mailed to the appellant.

C. **FILING FEE**

The appellant must pay the $500 filing fee, plus a $5.00 processing fee, to the Clerk of the district court when the Notice of Appeal is filed.

Even if IFP status is granted, the appellant must pay the filing fee, which is deducted monthly from the prisoner trust fund account. If IFP is denied, in addition to the filing fee the Court of Appeals may direct that other amounts related to the cost of the appeal be deducted from the prisoner's trust fund account.

If the appeal is dismissed or denied, the docket fee will not be refunded to the appellant. If the appellant is paying the filing fee in monthly installments from the prisoner trust fund account, the deductions will continue until the fee is paid in full.

## FAILURE TO FILE FORMS, BRIEFS AND OTHER DOCUMENTS

If an appellant or applicant fails to file the required forms, briefs, appendices, or other documents, or otherwise fails to act, under the time periods set in FRAP, the LRs, or a court order, that party will be deemed to be in default. This Court will issue an order that sets a firm dismissal date to occur if the default is not cured within a specific time frame. Once the case is dismissed, this Court will view a motion to reinstate the appeal unfavorably unless the Court finds that exceptional circumstances explain the default or that manifest injustice would otherwise result. A party that files a motion to reinstate the appeal following dismissal for failure to file a brief on time must do so within 14 days of the date of the order dismissing the appeal and must include the party's brief as an exhibit to the motion. See LR 27.1(i).

## PROCEDURES TO REINSTATE AN APPEAL DISMISSED ON DEFAULT

An appeal may be dismissed by order if the appellant fails to file certain forms, a brief, or pay the required filing fee.

If an appeal is dismissed for failure to file Form B or D-P, a Notice of Appearance, or a Prisoner Authorization Form, the appellant must file a motion to reinstate the appeal. The completed form(s) and motion to reinstate must be filed by the date indicated on the order.

If the appeal is dismissed for failure to file a motion to proceed in forma pauperis or pay the filing fee, a certificate of appealability, or successive application, the appellant must file a motion to reinstate. The motion to reinstate and the completed motion or application must be filed by the date indicated on the order.

If the appeal is dismissed for failure to file a timely brief, the appellant must file a motion to reinstate the appeal. The motion to reinstate must include as an exhibit the brief and appendix that caused the default and must be filed within 14 days of the order dismissing the appeal. L.R. 27.1(i).

If the mandate has issued, the appellant must file a motion to recall the mandate and reinstate the appeal along with the completed form(s), motion(s), or application(s) that caused the default.

## APPEALS CLERKS IN THE DISTRICT COURTS

An appeals clerk has been appointed in each district court's clerk's office to assist anyone who may have questions regarding the filing of appeal papers. The following list provides contact numbers/locations for the appeals clerks within the Second Circuit:

| | |
|---|---|
| District of Connecticut | 203-773-2140 |
| Northern District of New York | 315-234-8502 |
| Eastern District of New York | 718-260-2310 (Brooklyn, NY) <br> 631-712-6030 <br> or <br> 631-712-6042 (Central Islip, NY) |
| Southern District of New York | 212-805-0636 (New York, NY) <br> 914-390-4100 (White Plains, NY) |
| Western District of New York | 716-551-1700 (Buffalo, NY) <br> 585-613-4000 (Rochester, NY) |
| District of Vermont | 802-951-6395 ext. 119 |

## SECOND CIRCUIT CLERK'S OFFICE

Any person with questions regarding appellate procedure in the Second Circuit should contact the Clerk's Office. Set forth below are the relevant telephone numbers in the Second Circuit's Clerk's Office for use during the various stages of a criminal appeal:

| | |
|---|---|
| Case Initiation (until issuance of docketing notice) | 212-857-8551 |
| Criminal Team | 212-857-8550 |
| Calendar Team | 212-857-8595 |
| Records | 212-857-8620 |
| Attorney Admissions | 212-857-8603 |
| CJA Administrator | 212-857-8664 |